IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-13 |
| ANTHONY DOUGLAS ELONIS | : | |
| | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                 January 16, 2013

Anthony Elonis was convicted by a jury of four counts of violating 18 U.S.C. § 875(c) by posting threatening comments to the social networking website, Facebook. The jury acquitted on one count. The Defendant filed Motion for Release Pending Appeal (Doc. No. 85), which I will deny.

## I. Discussion

In his motion for bail pending appeal, Defendant argues he is neither a danger to the community nor a threat to flee, his crime was not a violent crime, and his appeal raises substantial issues of law which may be reconciled in his favor by the Court of Appeals. The government disagrees with each of Defendant's arguments.

The issue of bail pending appeal is addressed in 18 U.S.C. § 3143(b). Section 3143(b) provides in relevant part:

> … the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained unless the judicial officer finds-- (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the

community if released under section 3142(b) or (c)of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process…

The Third Circuit has interpreted this to mean that,

> [o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. § 3143(b) creates a presumption against postconviction release pending bail. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law.

United States v. Bissell, 954 F. Supp. 903, 906 (1997) (quoting United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985)); H.Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970).

Initially, the Defendant must prove by clear and convincing evidence that he no longer poses a threat to the community. United States v. Strong, 775 F.2d 504, 507 (3d Cir. 1985). Here, Defendant offers no evidence to establish that he does not represent an on-going danger to the community. Defendant made very vicious and callous threats to harm elementary school children, his estranged wife, and law enforcement.[1]

---

[1] For example, one of the Defendant's Facebook posts stated:

> You know your shit is ridiculous when you have the FBI knocking at the door. Little agent lady stood so close. Took all my strength I had not to turn the bitch ghost, pull my knife, flick my wrist, and slit her throat, leave her bleeding from her jugular in the arms of her partner. Laughter. So

2

Additionally, recipients of the messages, other than those directly mentioned in the threatening communications, were fearful of the Defendant's threats. Even after action was taken regarding the threats, such as the Protection from Abuse Order and the confrontation with the FBI, the Defendant made additional threatening posts. Defendant has a criminal history including the protection from abuse order, which he violated by making the posts on Facebook as well as a juvenile record. Finally, Defendant maintains today that his threats are protected speech and he should be able to express himself. This is sufficient to show that he continues to be a danger to the community's safety and peace of mind.

Assuming that Defendant does not present a risk of flight or a danger to the community, he must set forth "a substantial question of law or fact" to justify bail pending appeal. An issue is "substantial" if it "is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." Miller, 753 F.2d at 23; United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986).

The issue of the appropriate standard to determine a "true threat" is well-decided in the Third Circuit. Although Defendant cites some Circuit Courts, such as the Ninth

---

the next time you knock you best be serving a warrant and bring in a S.W.A.T. and an explosives expert while you are at it, because little did ya'll know I was strapped with a bomb. Why do you think it took me so long to get dressed with no shoes on? I was just waiting for ya'll to handcuff me and pat me down, touch the detonator in my pocket, and we're all going boom.

Additionally, November 16, 2010 Mr. Elonis posted:

That's it, I've had about enough
I'm checking out and making a name for myself
Enough elementary schools in a ten mile radius
to initiate the most heinous school shooting ever imagined
And hell hath no fury like a crazy man in a Kindergarten class
The only question is . . . which one?

Circuit, which have adopted a subjective test, our Circuit has discussed only the objective standard in its approach to "true threat" jurisprudence. United States v. Kosma, 951 F.2d 549, 557 (3d Cir. 1991). Further, there is no indication that the holding in Virginia v. Black, 538 U.S. 343 (2003) overruled Kosma's objective speaker standard for true threats. See United States v. White, 670 F.3d 498 (4 Cir. 2012) (holding that "[a] careful reading of the requirements of § 875(c) together with the definition from Black, does not, in our opinion, lead to the conclusion that Black introduced a specific-intent-to threaten requirement into § 875(c) and thus overruled our circuit's jurisprudence, as well as the jurisprudence of most other circuits, which find 875(c) to be a general intent crime and therefore application of an objective test in determining whether a true threat was transmitted.").

Therefore, pursuant to 18 U.S.C. § 3143, the Defendant shall be detained during the pendency of his appeal.

## I. Conclusion

For the reasons set forth above, I will deny Defendant's Motion.

An appropriate Order follows.